IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| BORUSAN MANNESMANN BORU SANAYI VE TICARET A.Ş. AND BORUSAN MANNESMANN PIPE U.S. INC., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | Court No. 21-132 |

## COMPLAINT

Plaintiffs, Borusan Mannesmann Boru Sanayi ve Ticaret A.Ş. ("BMB") and Borusan Mannesmann Pipe U.S. Inc. ("BMP") (collectively, "Borusan" or "Plaintiffs"), by and through their counsel, hereby allege and state as follows:

## SUMMARY AND NATURE OF THIS ACTION

1. Plaintiff BMB is a Turkish producer and exporter to the United States of circular welded carbon steel pipes and tubes ("standard pipe"). Plaintiff BMP is the U.S. affiliate of BMB, which imported subject merchandise produced by BMB during the POR. Plaintiffs contest two aspects of the U.S. Department of Commerce ("Commerce") *Final Results* for the May 1, 2018 – April 30, 2019 antidumping duty administrative review of the antidumping duty order on standard pipe from Turkey.

2. First, Commerce unlawfully treated section 232 duties as ordinary customs duties and deducted them from BMB's export price and constructed export price. The legislative history of section 232 as well as the record evidence in this case demonstrate that section 232 duties are not "United States import duties" within the meaning of the antidumping statute.

1

3.     <u>Second</u>, in the alternative, Commerce failed to reduce its deduction of section 232 duties from U.S. price to eliminate the effect of section 232 duties in excess of 25 percent paid by BMB and BMP that were held to be unlawful in *Transpacific Steel LLC v. United States*. These were refunded by U.S. Customs and Border Protection prior to the issuance of the *Final Results*.

## JURISDICTION

4.     Plaintiffs bring this action pursuant to Sections 516A(a)(2)(A)(i)(I) and 516A(a)(2)(B)(i) of the Tariff Act of 1930, *as amended* ("the Act"), 19 U.S.C. §§ 1516a(a)(2)(A)(i)(I) and (a)(2)(B)(iii). This action is an appeal of Commerce's *Final Results* in the May 1, 2018 – April 30, 2019 administrative review of the antidumping duty order on standard pipe from Turkey. *Circular Welded Carbon Steel Standard Pipe and Tube Products from Turkey: Final Results of Antidumping Duty Administrative Review and Final Determination of No Shipments; 2018-2019*, 86 Fed. Reg. 15,190 (Dep't Commerce Mar. 22, 2021) ("*Final Results*"), and accompanying Issues and Decision Memorandum for the Final Results of the 2018-2019 Administrative Review of the Antidumping Duty Order on Circular Welded Carbon Steel Standard Pipe and Tube from Turkey (Mar. 15, 2021) ("*Final Results* IDM").

5.     This Court has jurisdiction by reason of 28 U.S.C. § 1581(c).

## STANDING

6.     Plaintiff, BMB, is a producer and exporter of standard pipe from Turkey.

7.     Plaintiff, BMP, is an importer of standard pipe from Turkey through which BMB made sales during the period of review.

8.     Plaintiffs were parties to the May 1, 2018 – April 30, 2019 administrative review conducted by Commerce and participated in the administrative review by supplying

questionnaire responses and by filing a case brief.  Therefore, Plaintiffs are interested parties pursuant to 19 U.S.C. § 1516a(f)(3) and 19 U.S.C. § 1677(9)(A).  As interested parties that actively participated in the proceeding below, Plaintiffs have standing to commence this action under 19 U.S.C. § 1516a(a)(2)(A), 19 U.S.C. § 1516a(d), 28 U.S.C. § 2631(c), and 28 U.S.C. § 1581(c).

## TIMELINESS OF THIS ACTION

9. On March 22, 2021, Commerce published in the *Federal Register* the challenged *Final Results*.  *Circular Welded Carbon Steel Standard Pipe and Tube Products from Turkey: Final Results of Antidumping Duty Administrative Review and Final Determination of No Shipments; 2018-2019*, 86 Fed. Reg. 15,190 (Dep't Commerce Mar. 22, 2021).  Plaintiffs filed a summons initiating this appeal on March 24, 2021 pursuant to Sections 516A(a)(2)(A)(i)(I) and 516A(a)(2)(B)(iii) of the Act, 19 U.S.C. §§ 1516a(a)(2)(A)(i)(I) and (B)(iii), which was within thirty (30) days of publication of the *Final Results* in the *Federal Register*.  This action was therefore timely filed pursuant to 19 U.S.C. § 1516a(a)(2)(A)(i)(I), 28 U.S.C. § 2636(c), and U.S. Court of International Trade Rule 3.  This complaint is being filed on March 24, 2021, which is within 30 days of the filing of the summons and is thus timely filed under Court of International Trade Rule 3(a)(2).

## STATEMENT OF FACTS

10. On July 15, 2019, Commerce initiated the May 1, 2018 – April 30, 2019 administrative review of the antidumping duty order on standard pipe from Turkey.  *Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 84 Fed. Reg. 33,739 (Dep't Commerce July 15, 2019).  Commerce's period of review for this administrative review is May 1, 2018 – April 30, 2019.

11. On August 28, 2019, Commerce selected BMB as the sole mandatory respondent to be individually investigated. *See* Memorandum to Abdelali Elouaradia, Director, Office IV, AD/CVD Operations, from Magd Zalok, Analyst, Office IV, AD/CVD Operations, "Administrative Review of the Antidumping Duty Order on Welded Carbon Steel Standard Pipe and Tube Products from Turkey: Respondent Selection," (Aug. 28, 2019).

12. In its initial questionnaire response, Plaintiffs responded to Commerce's Appendix V containing questions regarding section 232 duties and provided Commerce with the section 232 duties paid on the sales that entered during the period of review. Letter to Sec'y Commerce from Morris, Manning & Martin LLP, "Circular Welded Carbon Steel Pipes and Tubes from Turkey, Case No. A-489-501: Response to Sections B-D of Initial Questionnaire," (Nov. 8, 2019) at C-61 to C-63 and Exhibit C-1.

13. Plaintiffs subsequently reported section 232 duties for certain inventory sales in a supplemental questionnaire issued by Commerce, and Plaintiffs also provided evidence to demonstrate which inventory sales did not incur section 232 duties. Letter to Sec'y Commerce from Morris, Manning & Martin LLP, "Circular Welded Carbon Steel Pipes and Tubes from Turkey, Case No. A-489-501: Response to Supplemental Sections A-C Questionnaire," (Mar. 6, 2020) at 11-15 and Exhibits C-23 and C-24. Plaintiffs demonstrated in these submissions that during the period of May 1, 2018 – August 12, 2018 it paid section 232 duties of 25 percent upon entry and during the period of August 13, 2018 – April 30, 2019 (end of the period of review), it paid section 232 duties of 50 percent upon entry pursuant to Proclamation 9772.

14. On July 23, 2020, Commerce published the *Preliminary Results* in the *Federal Register*. *Circular Welded Carbon Steel Standard Pipe and Tube Products From Turkey: Preliminary Results of Antidumping Duty Administrative Review and Preliminary Determination*

*of No Shipments; 2018-2019*, 85 Fed. Reg. 44,509 (Dep't Commerce July 23, 2020) ("*Preliminary Results*") and accompanying Decision Memorandum (July 16, 2020) ("*Preliminary Results* Decision Memorandum").

15. In the *Preliminary Results*, Commerce calculated a 12.03 percent estimated weighted-average dumping margin for Borusan. Commerce treated the section 232 duties paid by Borusan as ordinary customs duties and deducted them from the export price and constructed export price. This adjustment had the effect of increasing Borusan's dumping margin by nearly 12 percentage points and its liability for antidumping duties. As a result, this deduction of section 232 duties accounted for nearly 99 percent of the margin found, so that if they are not deducted, the margin would be *de minimis*.

16. As part of its *Preliminary Results*, Commerce placed on the record a memorandum from the 2017-2018 administrative review of the same product setting forth its rationale for deducting section 232 duties from export price and constructed export price. *See* Memorandum to The File from Magd Zalok, International Trade Compliance Analyst, AD/CVD Operations, Office IV, "Placing Memorandum for Section 232 Duties from the 2017-2018 Administrative Review of Circular Welded Carbon Steel Standard Pipe and Tube Products from Turkey on the Record of this Review," (Aug. 20, 2020).

17. On August 25, 2020, Borusan responded to the placement of this memorandum on the record with factual information previously submitted in the 2017-2018 antidumping administrative review, including statements from the President of the United States and the Secretary of Commerce, and the classification of section 232 duties in the Harmonized Tariff Schedule ("HTS") demonstrating that these section 232 duties are "special duties" as opposed to ordinary customs duties. Borusan argued that the section 232 duties it paid should not be


deducted from export price and constructed export price. Letter to Sec'y Commerce from Morris, Manning & Martin, LLP, "Circular Welded Carbon Steel Pipes and Tubes from Turkey, Case No. A-489-501: Response to the U.S. Department of Commerce's Memorandum on Adjustment for Section 232 Duties," (Aug. 25, 2020).

18. On September 15, 2020, Borusan submitted its case brief and argued that Commerce should not deduct section 232 duties paid by Borusan from the export price and constructed export price because section 232 duties are "special duties" imposed pursuant to a specific congressional delegation of tariff making authority to the executive branch and that they are not U.S. import duties within the meaning of the antidumping statute as demonstrated by record evidence and legislative history. *See* Letter to Sec'y Commerce from Morris, Manning & Martin LLP, "Circular Welded Carbon Steel Pipes and Tubes from Turkey, Case No. A-489-501: Case Brief," (Sept. 15, 2020) at 1-17.

19. On September 30, 2020, Wheatland Tube ("Wheatland" or "Petitioner") submitted a rebuttal brief and argued that Commerce should continue to deduct section 232 duties from export price and constructed export price. Letter to Sec'y Commerce from Schagrin Associates, "Welded Carbon Steel Standard Pipe and Tube Products from Turkey: Rebuttal Brief," (Sept. 30, 2020).

20. On July 14, 2020, the U.S. Court of International Trade ("CIT") held that Proclamation 9772, which increased the section 232 duties on steel imports from Turkey from 25 to 50 percent, was unlawful as it violated statutorily mandated procedures and unconstitutional as it violated the Constitution's guarantee of equal protection under the law. Accordingly, the CIT issued its judgment in favor of Transpacific Steel, BMB, BMP, and the Jordan International Company and ordered U.S. Customs and Border Protection ("CBP") to refund the difference

between any tariffs collected on imports of steel products pursuant to Proclamation 9772 and the 25 percent *ad valorem* tariff that would otherwise apply on these imports. *Transpacific Steel LLC v. United States*, 466 F. Supp. 3d 1246, 1259-60 (Ct. Int'l Trade 2020).

21. On September 15, 2020, the CIT denied a motion to stay the enforcement of the judgment. *Transpacific Steel LLC v. United States*, 474 F. Supp. 3d 1332 (Ct. Int'l Trade 2020). On December 10, 2020, the U.S. Court of Appeals for the Federal Circuit ("CAFC") also denied a motion to stay the enforcement of the judgment. *Transpacific Steel LLC v. United States*, CAFC Ct. No. 2020-2157, 2020 WL 7294624 (Fed. Cir. Dec. 10, 2020).

22. Shortly before the denial of the stay was final at the CAFC, Borusan notified Commerce on December 4, 2020 that certain section 232 duties imposed pursuant to Proclamation 9772 were held to be unconstitutional and unlawful in *Transpacific* and thus would be refunded to Borusan. As a result, the actual section 232 duties assessed by the United States and paid by Borusan on entries during the period August 13, 2018 to May 20, 2019 would be reduced from 50 percent to 25 percent. Borusan also noted in that letter that there was sufficient time to address issues related to *Transpacific* as the *Final Results* could be fully extended until March 22, 2021, giving Commerce over three months to account for the change in the section 232 duty rate applicable to BMB's and BMP's entries. *See* Letter to Sec'y Commerce from Morris, Manning & Martin, LLP, "Circular Welded Carbon Steel Standard Pipe and Tube Products from Turkey, Case No. A-489-501: Notification Regarding Section 232 Tariffs," (Dec. 4, 2020).

23. Commerce never responded to this letter.

24. On February 18, 2021, Plaintiffs explained to Commerce that pursuant to the CIT's judgment in *Transpacific*, CBP was in the final stages of refunding to Plaintiffs the section

232 duties in excess of 25 percent on Borusan's entries during the period August 13, 2018 to May 20, 2019.  Plaintiffs further explained that they expected to receive the refunds within the next couple of weeks, and they provided Commerce with a method to implement the *Transpacific* decision in the antidumping calculations for the *Final Results* of the administrative review.  *See* Letter to Acting Sec'y Commerce from Morris, Manning & Martin, LLP, "Circular Welded Carbon Steel Standard Pipe and Tube Products from Turkey, Case No. A-489-501: Refund of Unlawfully Collected Section 232 Tariffs Pursuant to *Transpacific Steel LLC v. United States*," (Feb. 18, 2021).

25. Despite having been advised of the revision to the amount of section 232 duties actually assessed by the United States and paid by Borusan on entries during the period August 13, 2018 to May 20, 2019 pursuant to *Transpacific*, Commerce issued no supplemental requests for information and took no steps to correct its calculation of section 232 duties from the *Preliminary Results* to account for this change in the actual duty rate.

26. On March 22, 2021, Commerce published its *Final Results*.  Commerce made no changes to the *Preliminary Results* and continued to calculate a 12.03 percent weighted-average dumping margin for Borusan.  Commerce continued to treat section 232 duties paid by Borusan as ordinary customs duties and deduct them from export price and constructed export price.  *See Final Results*; *Final Results* IDM.  In a separate letter issued on March 15, 2021, Commerce also declined to correct its calculations to account for the reduction in the actual rate of section 232 duties assessed by the United States and paid by Borusan on entries during the period August 13, 2018 to May 20, 2019 pursuant to *Transpacific*.  *See* Letter to All Interested Parties from Robert Bolling, Program Manager, AD/CVD Operations, Office IV, "Circular Welded Carbon Steel Standard Pipe and Tube Products from Turkey:  Borusan Section 232 Notification Letter," (Mar.

15, 2021).

27. This appeal followed.

## STATEMENT OF CLAIMS

### Count One

28. Paragraphs 1 to 27 are incorporated by reference.

29. Commerce's determination to treat section 232 duties as ordinary customs duties and deduct them from Borusan's export price and constructed export price is unsupported by substantial evidence and is otherwise not in accordance with law.

### Count Two

30. Paragraphs 1 to 29 are incorporated by reference.

31. In the alternative, Commerce's determination not to revise its calculations to account for the reduction in the rate of section 232 duties actually imposed by the United States and paid by Borusan on its entries during the period August 13, 2018 to May 20, 2019 pursuant to *Transpacific* is unsupported by substantial evidence and is otherwise not in accordance with law.

## **DEMAND FOR JUDGMENT AND PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court:

a.  Hold Commerce's *Final Results* in the May 1, 2018 – April 30, 2019 administrative review of the antidumping duty order on standard pipe from Turkey unsupported by substantial evidence and otherwise not in accordance with law and reverse the factual findings and legal conclusions contained therein;

b.  Remand this case to Commerce for a re-determination consistent with the judgment and findings of this Court; and

c.  Grant such other relief as the Court shall deem just and proper.

                        Respectfully submitted,

                        /s/ Donald B. Cameron
                        Donald B. Cameron
                        Julie C. Mendoza
                        R. Will Planert
                        Brady W. Mills
                        Mary S. Hodgins
                        Edward J. Thomas III
                        Jordan L. Fleischer

                        MORRIS MANNING & MARTIN LLP
                        1401 Eye Street, NW, Suite 600
                        Washington, D.C. 20005

                        *Counsel to Plaintiffs Borusan Mannesmann Boru Sanayi ve Ticaret A.Ş. and Borusan Mannesmann Pipe U.S. Inc.*

Dated:  March 24, 2021